IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

Case No. 2:22-CV-00008-M

| | |
|---|---|
| BULLDOG ERECTORS, INC., | |
| Plaintiff, | |
| v. | ORDER |
| FLATIRON CONSTRUCTORS, INC., | |
| Defendant. | |

This action arises out of a lease dispute between Bulldog Erectors, Inc. ("Bulldog") and Flatiron Constructors, Inc. ("Flatiron"). Both parties have brought claims against the other. Am. Compl. [DE 13]; Am. Counterclaim [DE 94]. Bulldog moved for summary judgment as to Flatiron's counterclaims [DE 65], and on March 14, 2025, the court granted the motion in relevant part. DE 122. Pending before the court are Flatiron's Motion for Reconsideration [DE 127] and Motion to Certify Order as Final Judgment [DE 129]. For the following reasons, both motions are denied.

I. **Motion for Reconsideration [DE 127]**

Flatiron moves for reconsideration of the court's March 14, 2025, order, arguing that the court (1) lacked crucial evidence; (2) improperly resolved multiple disputes of fact; (3) committed clear legal error; and (4) effectuated manifest injustice by not allowing a jury to decide whether to award Flatiron damages. DE 128 at 1–2.

Under Federal Rule of Civil Procedure 54(b), at any time before the entry of final judgment, a district court may revise an interlocutory order, "such as one for partial summary judgment that adjudicates fewer than all claims." *Carlson v. Boston Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017)

(cleaned up). This discretion "is not limitless." *Id.* The Fourth Circuit has constrained the authority of districts courts such that reconsideration should only be granted upon the showing of: "(1) a subsequent trial producing substantially different evidence[1]; (2) a change in applicable law; or (3) clear error resulting in manifest injustice." *U.S. Tobacco Cooperative, Inc. v. Big S. Wholesale of Virginia, LLC*, 899 F.3d 236, 256–57 (4th Cir. 2018) (quoting *Carlson*, 856 F.3d at 325)).

The pending motion is an inappropriate use of Rule 54(b), which "should not be used to rehash arguments the court has already considered" or "to raise new arguments or evidence that could have been previously considered." *United States v. Lovely*, 420 F. Supp. 3d 398, 403 (M.D.N.C. 2019) (quoting *South Carolina v. United States*, 232 F. Supp. 3d 785, 793 (D.S.C. 2017)). Flatiron spends thirty-one pages systematically disputing nearly every conclusion reached by the court in its prior order. Most of these arguments have been raised previously, and those that were not largely rely on evidence already in the record at the time of the issuance of the court's order. Having reviewed these arguments, and perceiving no clear error, they are summarily rejected. *See Carlson*, 856 F.3d at 325.

As for new evidence, Flatiron points to an email it received in December 2024, wherein a Bulldog employee conveys to a customer that "[h]our meters do not run backwards[.]" DE 128-3 at 2. Flatiron contends this email creates a genuine dispute of material fact as to its fraudulent

---

[1] It is unclear whether a "subsequent trial" is required. Following this articulation, the Fourth Circuit noted that this standard allows for district courts to account "for potentially different evidence discovered during litigation[.]" *Id.* District courts have repeatedly cited to *Carlson* for the proposition that the discovery of new evidence not previously available at the time of the challenged order creates a sufficient basis for Rule 54(b) reconsideration. *E.g.*, *Jabari-Kitwala v. Montgomery Cnty. Pub. Sch.*, No. GLS-22-0060, 2024 WL 4007948, at *4 (D. Md. Aug. 30, 2024); *Adams Outdoor Advert. Ltd. P'ship v. York Cnty.*, No. 0:21-cv-03732-JDA, 2025 WL 1707974, at *2 (D.S.C. June 16, 2025); *United States v. Tyson*, -- F. Supp. 3d --, 2025 WL 1184105, at *8 (E.D. Va. 2025).

2

concealment counterclaim, because in the court's order, it cited to deposition testimony for the proposition that the service hours displayed on the meter reset every 10,000 to 20,000 hours. DE 128 at 17. It does not. While the email may cast doubt on whether the hour meters reset, it still does not suggest the hour meter readings are meant to operate as an affirmative representation of the number of service hours attributable to each machine. *See id.* at 19.

For these reasons, the Motion for Reconsideration [DE 127] is DENIED.

## II.     Motion to Certify March 14, 2025, Order as Final Judgment [DE 129]

Flatiron alternatively moves to certify the court's March 14, 2025, order, so that it may pursue an appeal prior to a jury trial on Bulldog's claim. DE 130 at 1.

Rule 54(b) provides that:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Before certifying a judgment for appeal under Rule 54(b), a district court "must first 'determine whether the judgment is final' and second, 'determine whether there is no just reason for the delay in the entry of judgment.'" *Kinsale Ins. Co. v. JDVC Holdings, Inc.*, 31 F.4th 870, 873 (4th Cir. 2022) (quoting *Braswell Shipyards, Inc. v. Beazer E., Inc.*, 2 F.3d 1331, 1335 (4th Cir. 1993)).

A judgment is typically final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945). In a multi-claim action, a judgment must be final "in the sense that it is an ultimate disposition of an individual claim[.]" *MCI Constructors, LLC v. City of Greensboro*, 610 F.3d 849, 855 (4th Cir. 2010) (internal quotation omitted). To that end, certification of a partial judgment is inappropriate

when the court has yet to determine both the question of liability and damages. *Kinsale Ins. Co.*, 31 F.4th at 873–74.

In determining whether there is no just reason to delay certification, the Fourth Circuit has instructed that district courts undertake a "case-specific inquiry" that is "tilted from the start against fragmentation of appeals[.]" *Braswell*, 2 F.3d at 1335 (internal quotation omitted). District courts are to consider the following factors:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Id.*

### A.    Flatiron's Counterclaims

The parties do not dispute that the court's order is final as to Flatiron's counterclaims. Nor could they. The court completely resolved all issues relevant to those claims, and the only remaining step is to execute judgment. Accordingly, the court finds that its order is final as to Flatiron's counterclaims. *See Catlin*, 324 U.S. at 233.

While the order is final, after consideration of the above-mentioned factors, the court finds that certification is inappropriate. First, and most critically, there is substantial factual overlap between the evidence relevant to the adjudicated and unadjudicated claims. Flatiron disputes this, arguing that the parties' breach of contract theories "span different timeframes and hinge on different conduct." DE 140 at 2–3. At least as to their primary focus, this is true. Bulldog's claim largely concerns whether Flatiron properly maintained the Equipment during the project, *see* Am. Comp. [DE 13] at ¶ 36, while Flatiron alleges, among other things, that Bulldog made material

4

misrepresentations prior to the project and ultimately delivered the Equipment in unacceptably poor condition. Am. Counterclaim [DE 94] at ¶ 47–57. The evidence necessary to adjudicate these claims is, however, intertwined. As Flatiron itself has acknowledged, the evidence it would present in defense of Bulldog's claim is "virtually identical to the evidence that would have been presented" in support of its own. DE 125 at 1, n.1. More specifically, to refute the allegation that it caused damage to the Equipment, Flatiron would have to show that any damage proven existed at the time of delivery or was caused or exacerbated by Bulldog's conduct. This is the essence of the claim it now seeks to certify. If the court ceded to this request, there would be a serious possibility that the Fourth Circuit "might be obliged the considered the same issue a second time[.]" *Braswell*, 2 F.3d at 1335. For example, even if the Fourth Circuit ultimately reversed this court's grant of partial summary judgment, it would have considered the sufficiency of the evidence as to pre-contract representations and the condition of the Equipment on delivery. During any appeal that followed a trial, the Fourth Circuit would need to pick up where it left off and consider the sufficiency of much of the same evidence as it relates to the parties' conduct during and after the project. This is the type of piecemeal litigation that Fourth Circuit policy seeks to avoid. *See Kinsale Ins. Co.*, 31 F.4th at 876 (cleaned up) ("It will be a rare case where Rule 54(b) can appropriately be applied when the contestants on appeal remain, simultaneously, contestants below.").

The court has considered the remaining miscellaneous factors and finds that they do not contravene this conclusion. At bottom, this is case is a poor vessel for certification, and Flatiron's desire to present its own claims to a jury contemporaneously with Bulldog does not warrant this unique and disfavored procedural maneuver.

5

B.    Bulldog's Declaratory Judgment Claim

The court finds that its order is not final as to declaratory judgment. Flatiron disagrees, insisting that "declaratory judgments are generally considered a final judgment under the first prong of the analysis." DE 130 at 10. But the law is not quite that simple. Indeed, even the case on which it relies demonstrates that declaratory judgments should not be considered final when there are other pending claims concerning the same subject matter. In *Neuberger Berman Real Estate Income Fund, Inc. v. Lola Brown Trust No. 1B*, 225 F.R.D. 171 (D. Md. 2004), the district court certified a declaratory judgment relating to the legality of a poison pill provision adopted by the plaintiff in defense of a corporate takeover. *Id.* at 173. The district court held that this was a final order because "[t]he three counts in the [defendant's] counterclaim pertaining to the poison pill sought no other relief than a declaration that the poison pill was illegal, and therefore the October order finding that the poison pill was a lawful maneuver finished the litigation on the merits of the poison pill claims." *Id.* at 174. Here, unlike in *Neuberger*, there are related claims still pending. Bulldog did not just seek a declaration concerning the parties' obligations; it brought a breach of contract claim predicated on Flatiron's supposed noncompliance with those obligations. *See* Am. Comp. [DE 13] at ¶ 33–46. Accordingly, the court's order "does not embody the essential elements of a monetary judgment because the court has not found all of the facts necessary to compute the amount of damages due." *Kinsale Ins. Co.*, 31 F.4th at 874–75 (citing *Calderon v. GEICO Gen. Ins. Co.*, 754 F.3d 201, 205 (4th Cir. 2014)).

Even if the order were final as to declaratory judgment, the court finds that certification would be inappropriate for many of the same reasons already articulated. It would be a poor use of judicial resources to allow for review of the court's declarations, only to withhold the question

6

of the sufficiency of the evidence concerning whether the parties' conduct comported with the terms of those declarations.

For these reasons, Flatiron's Motion to Certify [DE 129] is DENIED.

## III.    Conclusion

For the aforementioned reasons, Flatiron's Motion for Reconsideration [DE 127] and Motion to Certify [DE 129] are DENIED.  Further, due to developments in the court's criminal docket, the two trial dates jointly proposed by the parties are no longer viable.  So, the parties are ORDERED to provide three more dates upon which a trial might commence on or before July 30, 2025.  These dates should fall after January 1, 2026.  The court reiterates, being fully aware of Flatiron's position, that the trial will be scheduled to last no more than one week.

SO ORDERED this ___16th___ day of July, 2025.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE